IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORBORD TEXAS (NACOGDOCHES) INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-cv-00023 |
| CERES GULF, INC., | § § | |
| Defendant. | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff Norbord Texas (Nacogdoches) Inc. files this Third Amended Complaint[1] against Defendant Ceres Gulf, Inc. and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff Norbord Texas (Nacogdoches) Inc. ("Norbord") is a corporation organized and existing under the laws of Delaware and doing business in Texas. All pleadings in this matter may be served upon Plaintiff by serving its counsel of record, Douglas Shoemaker and David G. Meyer, Blank Rome LLP, 717 Texas Avenue, Suite 1400, Houston, Texas 77002.

2. Defendant Ceres Gulf, Inc. ("Ceres") is a corporation organized and existing under the laws of the State of Delaware and at all material times provided stevedoring services at the Port of Houston, Texas. Ceres has appeared and answered in this matter and may be contacted through its counsel of record.

---

[1] Plaintiff initially filed suit in Harris County District Court. While the lawsuit was pending there, Plaintiff filed First and Second Amended Original Petitions. Therefore, while this is the first amended pleading Plaintiff is filing in this Court, Plaintiff has titled it as its "Third Amended Complaint."

152284.06501/121155856v.1

## II.    JURISDICTION & VENUE

3. This Court's subject matter jurisdiction is based on U.S.C. §§ 1331 and 1337.[2] Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## III.    FACTS

4. Norbord is the owner of a mill facility in Nacogdoches, Texas, used for producing wood-based products.  In the first half of 2017, Plaintiff purchased an industrial heater (the "Heater") from a German manufacturer for delivery to the mill facility in Nacogdoches.  The Heater was shipped from Germany aboard the M/V YORKTOWN EXPRESS, which arrived at the Port of Houston's Barbours Cut Terminal on or about September 13, 2017.  The Heater was discharged from the vessel during the overnight hours of September 13-14, 2017, after which Defendant Ceres took possession, custody and control of the Heater.

5. Sometime between 4:00 and 5:00 am on September 14, 2017, a Ceres employee was using one of Ceres' yard trucks to back the Heater, which was loaded atop a road trailer, into a parking spot in the C-2 wheeled area of the Barbours Cut Terminal.  As he did so, the Ceres employee jackknifed the yard truck and trailer, which caused the Heater to fall off the road trailer and smash onto the ground, resulting in significant damage to the Heater.  The damage necessitated extensive repairs to the Heater, the cost of which totaled at least approximately $1,465,000.00, and which Plaintiff now seeks to recover from Defendant Ceres.

## IV.    CAUSES OF ACTION

### A. NEGLIGENCE

6. Defendant Ceres negligently, carelessly, unskillfully, and unreasonably handled

---

[2] This issue is discussed in further detail in the parties' Amended Joint Discovery Case Management Plan filed with the Court on May 7, 2019. *See* Clerk's Doc. 12 at pp. 3-4, ¶ 4.

the Heater, in particular by causing it to fall over while Defendant Ceres' employee was attempting to move it with one of Defendant Ceres' yard trucks, which resulted in the damages and losses complained of herein. Defendant's negligent conduct includes, but is not necessarily limited to, the following:

    a.    Failing to provide adequate cargo handling methods;

    b.    Failing to take adequate precautions to prevent damage to the Heater;

    c.    Negligent handling and/or intra-terminal carriage of the Heater;

    d.    Failing to properly hire competent employees;

    e.    Failing to properly and adequately train its employees regarding the proper operation of a yard truck and trailer combination and prevention of property damage;

    f.    Failing to properly and adequately supervise its employees regarding the proper operation of a yard truck and trailer combination and prevention of property damage; and,

    g.    Failing to enforce proper policies, rules, and/or procedures regarding safety.

7.    Defendant's act and/or omissions constituted a breach of the duties of care owed by Defendant to Plaintiff which proximately caused the injuries, losses, and/or damages in question.

**B. BAILMENT**

8.    Plaintiff delivered its property (the Heater) to Defendant Ceres' care, custody, possession, and/or control. Defendant Ceres, as bailee, accepted this property and was responsible for the handling of same. As bailee, Defendant Ceres owed Plaintiff a duty of care, ordinary or otherwise. Defendant Ceres breached this duty due to its acts and omissions in handling the Heater. Defendant Ceres caused, contributed, or permitted the Heater to be damaged while it was in Defendant Ceres' care, custody, possession, and/or control. Thus, Plaintiff has

152284.06501/121155856v.1

been damaged due to Defendant Ceres' breach of its duty.

## PRAYER

Plaintiff Norbord Texas (Nacogdoches) Inc. respectfully requests that Defendant Ceres Gulf, Inc. be cited to appear and answer, and that this Court award judgment to Plaintiff, and against Defendant, for damages that include, but are not necessarily limited to, the following:

a. at least $1,465,000.00 for Plaintiff's property damaged by Defendant;

b. pre-judgment and post-judgment interest;

c. court costs;

d. reasonable attorney's fees; and,

e. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

 /s/ Douglas Shoemaker
Douglas Shoemaker
Attorney-In-Charge
State Bar No. 00788406
Federal I.D. No. 16854
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Email: dshoemaker@blankrome.com
**ATTORNEYS FOR PLAINTIFF,
NORBORD TEXAS (NACOGDOCHES) INC.**

**OF COUNSEL:**
David G. Meyer
State Bar No. 24052106
Federal I.D. No. 732583
dmeyer@blankrome.com
**BLANK ROME LLP**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to Federal Rule of Civil Procedure 5 on all counsel of record on this 9th day of July, 2019.

                                                */s/ David G. Meyer*
                                                David G. Meyer

152284.06501/121155856v.1